UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

-vs-                                Case No. 6:14-cv-1774-Orl-28TBS

**SHANE F. HARRIS,**

        **Defendant.**

## ORDER

Plaintiff, the United States of America, brings this action to recover on a defaulted student loan. Now before the Court is Plaintiff's Motion for Summary Judgment (Doc. 6). Defendant has not filed a response to the motion, and the deadline by which to do so has passed. As set forth below, Plaintiff's motion must be granted.

I. Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, summary judgment should be granted "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). A "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop., 5800 S.W. 74th Ave., Miami, Fla., 363 F.3d 1099, 1102 (11th Cir. 2004).

II. The Merits of Plaintiff's Motion

"To recover on a promissory note, the government must show: (1) the defendant signed it, (2) the government is the present owner or holder; and (3) the note is in default." United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013). In support of and attached to its motion, Plaintiff has presented a copy of the promissory note signed by Defendant, a certificate of indebtedness signed by a loan analyst at the U.S. Department of Education, and a Declaration of Attorney's Fees.

Defendant has not presented any evidence or argument to challenge any of these items of proof. These documents establish Plaintiff's entitlement to a judgment in the amount sought: $1,719.00 in loan principal; $1,822.76 in prejudgment interest at the rate of five percent per annum; costs of $35.00 under 28 U.S.C. § 1921; and attorney's fees of $920.00, for a total award of $4,496.76. Plaintiff's motion is due to be granted, and judgment will be entered accordingly.

III. Conclusion

It is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 6) is **GRANTED**.

2. The Clerk is directed to enter a judgment providing that Plaintiff shall recover the sum of $4,496.76, which shall bear post-judgment interest at the statutory rate, for all of which let execution issue.

3. After entry of judgment, the Clerk shall close this case.

**DONE** and **ORDERED** in Orlando, Florida, this ___ day of February, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party